IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORTELLIA KILLINGS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 99-C-1817-S |
| WARDEN RALPH HOOKS and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his conviction on charges of first degree robbery and attempted murder in the Jefferson County Circuit Court in 1994. The petitioner, Cortellia Killings, filed his *pro se* petition for a writ of habeas corpus with the Clerk of this Court on July 14, 1999. He is incarcerated at the Limestone Correctional Facility, Capshaw, Alabama, serving two life sentences.

**I.   PROCEDURAL HISTORY**

The petitioner was convicted after a jury trial on June 17, 1994, on the foregoing charges. (Doc. 5, Ex. A, p. 257).[1] He was sentenced as a habitual offender to serve two concurrent life sentences. (*Id.* at 257-58). On July 19, 1994, he filed an untimely motion for a new trial, which was denied. (*Id.* at 30-31, 105-06). A notice of appeal was filed. On October 24, 1994, the Alabama Court of Criminal Appeals issued a judgment of dismissal. (*Id.* at 34). The dismissal

---

[1] References herein to "Doc.___, Ex. ___, p. ___" are to the document numbers assigned by the Clerk of this Court, found in the lower right-hand corner, the exhibit letter assigned by the respondents to the documents in their response, and the particular pages therein.

was certified on November 8, 1994. (*Id.* at 35).

On March 22, 1995, the petitioner filed a post-conviction petition, purportedly pursuant to Rule 32 of the ALABAMA RULES OF CRIMINAL PROCEDURE, requesting an out-of-time appeal. (*Id.* at 1-6). The request was granted. (*Id.* at 9). A notice of appeal was filed on May 4, 1995. The Court of Criminal Appeals affirmed the petitioner's conviction in a lengthy memorandum opinion on January 19, 1996. (Doc. 5, Ex. D). The certificate of judgment issued on February 6, 1996. *See* ALA. R. APP. P. 41(a).

The petitioner filed a number of petitions for post-conviction relief in Jefferson County Circuit Court pursuant to Rule 32 (*see* ALA. R. CRIM. P. 32) or other unspecified provisions after his appeal was denied. (Doc. 1, pp. 3-4 & supp. 1-5). The last was denied on April 29, 1997.[2] (Doc. 7, p. 2, ¶ 2).

The petitioner filed the present federal habeas corpus petition on July 14, 1999.[3] He asserts: (1) the jury was unconstitutionally selected and impaneled (the petitioner's grounds one and six); (2) he was denied effective assistance of counsel; (3) the trial court improperly denied his motion for judgment of acquittal; (4) the trial court unduly restricted cross-examination; and (5) the prosecution failed to disclose and the court failed to allow him to use favorable evidence.[4] (Doc. 1, pp. 6-11). The court entered an order requiring the respondents to show cause why the

---

[2] The trial court record submitted by the respondents does not evidence the filing of the various petitions or the denial of the same. However, as discussed below, the court has presumed for purposes of this review that the petitions were filed and that they tolled the running of the statute of limitations until April 29, 1997, which is a very liberal construction of the evidence before the court in the petitioner's favor.

[3] The petition was signed on July 9, 1999. (Doc. 1, p. 6).

[4] The petitioner also asserts that he was denied his right of appeal. He presents this claim by merely marking the enumerated claim that is on the standard § 2254 form. He does not offer specific allegations and detail in support of this claim. (See doc. 1, p. 4).

2

relief requested should not be granted. They filed an answer, asserting that the present claims are barred from consideration by this court by the one-year statute of limitations in 28 U.S.C. § 2244(d). (Doc. 5). By an order dated September 13, 1999, the parties were notified that the court deemed the case ripe for summary disposition under Rule 8(a) of the *Rules Governing Section 2254 Cases* on the basis of the defenses asserted in the respondents' answer. *See McBride v. Sharpe,* 25 F.3d 962 (11th Cir. 1994). (Doc. 10). The petitioner was further notified of his right to file affidavits or other materials to show why the petition should not be summarily denied or dismissed on the basis of the answer and record supplied by the respondents. (*Id.*). The petitioner filed a response to the answer of the respondents. (Doc. 7). He asserts that any delay between the denial of his appeal and his filing of the post-conviction petitions was due to a lack of communication from his appellate attorney. He also states that he is uneducated in the law and has limited access to legal assistance. (Doc. 7, pp. 2-4).

## II. DISCUSSION

### A. Generally

As stated above, the respondents contend that the instant petition may not be considered by this court because it is time-barred pursuant to 28 U.S.C. § 2244(d). Enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), section 2244(d) established for the first time a one-year deadline for the filing of habeas actions under section 2254, challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, only one of which applies to this case--"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

3

The time for filing a petition under AEDPA can, however, be extended in certain instances. The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The petitioner's conviction was final for purposes of § 2244(d)(1) on February 6, 1996, eighteen days after the Alabama Court of Appeals entered its opinion denying the petitioner relief. *See* Ala. R. App. 41(a). Because AEDPA was not effective until April 24, 1996, the one-year period for filing a federal habeas corpus petition commenced on that day. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209 (11th Cir. 1998). Thus, the petitioner had until April 23, 1997, to timely file his petition under a straight-forward application of the statute of limitations.

As the court noted above, however, the petitioner states in his petition and opposition to the respondents' answer that he filed various state post-conviction pleadings pursuant to Rule 32 and other provisions. *See* ALA. R. CRIM. P. 32. Although a properly filed post-conviction petition would toll the running of the statute of limitations, this does not save the present matter. Accepting the petitioner's allegations as accurate for purposes of this review, the court finds that the state court denied his last petition on April 29, 1997. (See Doc. 7, p. 2, ¶ 2). Even allowing this entire period as excludable time under § 2244(d)(2), the petitioner was still required to file his federal petition by April 28, 1998. This he failed to do. He waited until June 1999, over one-year beyond the statute of limitations deadline to file the present petition. Therefore, it must be dismissed with prejudice because it is barred from review by 28 U.S.C. § 2244(d). An order

4

consistent with this finding will be entered.

**DONE,** this the 27th day of September, 2000.

                                          /s/ U. W. Clemon
                                        U. W. CLEMON
                                        CHIEF UNITED STATES DISTRICT JUDGE